IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GERMAN RODRIGUEZ RODRIGUEZ
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

CIVIL NO. 09-1023(PG)
RELATED CRIM. 00-333(PG)

## OPINION & ORDER

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. Respondent filed a Response to the Petition (D.E.18) For the reasons discussed below, the Court finds the Petition shall be **DENIED**.

### I. BACKGROUND

On June 30, 2000, Petitioner, Germán Rodríguez-Rodríguez (hereinafter "Petitioner" or "Rodríguez-Rodríguez")and sixteen (16) additional co-defendants were indicted in a one count Indictment by a Federal Grand Jury (Crim. D.E. 2)[2]. Petitioner was specifically charged with conspiracy to distribute multi kilogram quantities of controlled substances, that is to say, in excess of one (1) kilogram of heroin, a Schedule I Narcotic Drug Controlled Substance, in excess of five (5) kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance, in excess of fifty (50) grams of cocaine base, a Schedule II Narcotic Drug Controlled Substance, as prohibited by Title 21, United States Code, Section 841(a)(1)(Crim.D.E.2).

---

[1]D.E. is an abbreviation of docket entry number.

[2]Crim.D.E. is an abbreviation of criminal docket entry.

Civil No. 09-1023(PG) Page 2

On November 20, 2001, after a sixteen (16) day jury trial Petitioner was found guilty of count one (Crim.D.E. 497)of the Indictment. On February 5, 2002, Rodríguez-Rodríguez' Sentencing Hearing was held (Crim.D.E. 567). Rodríguez-Rodríguez was sentenced to life imprisonment as to count one; a Supervised Release Term of five (5) years and a Special Monetary Assessment of one hundred (100) dollars (Crim.D.E.570). On February 8, 2002, Petitioner filed a Notice of Appeal (Crim.D.E. 571). On April 8, 2005, The First Circuit Court of Appeals affirmed Rodríguez-Rodríguez' conviction but vacated and remanded the sentence imposed in light of <u>United States</u> v. <u>Booker</u>, 125 S.Ct. 738 (2005) (Crim. D.E. 753)[3]. On November 21, 2005, Rodríguez-Rodríguez was re-sentenced to life imprisonment and a term of Supervised Release of five (5) years (Crim.D.E. 870). On December 2, 2005, Petitioner filed a Second Notice of Appeal, this time as to his re-sentence (Crim.D.E.876). On July 18, 2007, the First Circuit Court of Appeals affirmed Rodríguez-Rodríguez' life sentence (Crim.D.E.959). Petitioner did not file a writ of certiorari before the Supreme Court.[4] On January 13, 2009, Rodríguez-Rodríguez filed a 2255 Petition (D.E.1). Pursuant to the

---

[3]Although the Judgment is issued on April 8, 2005 it is not received and filed by the District Court until May 6, 2005 (Crim.D.E. 753).

[4]If a defendant does not file a petition for writ of certiorari with the United States Supreme Court after direct appeal, the judgment of conviction is final when the time for filing a certiorari petition expires, <u>Derman</u> v. <u>United States</u>, 298 F.3d 34 (1st Cir. 2002). Pursuant to the Rules of the Supreme Court, Rule 13.1 a petition for writ of certiorari is timely when it is filed within ninety (90) days following the entry of judgment.

Antiterrorism and Effective Death Penalty Act of 1996, the present section 2255 motion filed is untimely and therefore **DISMISSED WITH PREJUDICE.**

## II. DISCUSSION

Statue of Limitations

The Antiterrorism and Effective Death Penalty Act (herein after AEDPA) of April 24, 1996, clearly established a limitation period of one (1) year for the filing of section 2255 petitions. The period of one (1) year starts from the date in which the prisoner's conviction becomes "final".

A review of the record indicates that Rodríguez-Rodríguez' conviction became final ninety (90) days after July 18, 2007[5]. Therefore, Rodríguez-Rodríguez had until October 16, 2008, to file his section 2255 petition. Rodríguez-Rodríguez did not file his petition until January 13, 2009, which is three (3) months after the one (1) year statute of limitation had expired; as such, the same is time barred and **DISMISSED WITH PREJUDICE.**

## III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **GERMAN RODRIGUEZ-RODRIGUEZ**, is not entitled to federal habeas relief on the claims. Accordingly, it is ordered that petitioner **GERMAN RODRIGUEZ-RODRIGUEZ'** request for habeas relief under 28 U.S.C. Sec. 2255 (D.E.1) be **DISMISSED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

---

[5] Derman v. United States, 298 F.3d 34 (1st Cir. 2002).

Civil No. 09-1023(PG)                                                    Page 4

## IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, February 9th, 2012.

s/ Juan M. Pérez-Giménez
**Juan M. Pérez-Giménez**
**United States District Judge**