IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GERMAN RODRIGUEZ-RODRIGUEZ,

Petitioner

vs.

UNITED STATES OF AMERICA,

Respondent

CIVIL NO. 09-1023 (PG)
(CRIM. NO. 00-0333 (PG))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING
MOTIONS BROUGHT UNDER 28 U.S.C. § 2255

I.

A.  PROCEDURAL BACKGROUND: TRIAL LEVEL

Petitioner was indicted on June 30, 2000 in a one-count indictment,
along with sixteen other defendants. (Crim. No. 00-0333, Docket No. 2).
They are charged in that, from on or about 1992  and continuing until the date
of the indictment, in the District of Puerto Rico and elsewhere, and within the
jurisdiction of this Court, each of the seventeen defendants did knowingly and
intentionally combine, conspire, and agree with each other and with diverse
other persons to the grand jury known and unknown, to commit an offense
against the United States, to wit, to knowingly and intentionally distribute
multi-kilo quantities of controlled substances, that is, in excess of one kilogram
of heroin, a Schedule I Narcotic Drug Controlled Substance; in excess of five

CIVIL 09-1023 (PG)                    2
(CRIMINAL 00-0333 (PG))

kilograms of cocaine,  a Schedule II Narcotic Drug Controlled Substance; in excess of fifty grams of cocaine base, a Schedule II Narcotic Drug Controlled Substance, as prohibited by Title 21, United States Code, Section 841(a)(1). All in violation of 21 U.S.C. § 846.  (Crim. No. 00-0333, Docket No. 2 at 2-3 ). The object of the conspiracy was to distribute controlled substances at the Tibes Housing Project located in Ponce, Puerto Rico.   Now petitioner German Rodriguez-Rodriguez is described in the indictment as a leader and organizer in the organization, as well as an enforcer, and a supervisor of sales of cocaine base (crack) at one of the drug points in the Tibes Housing Project. (Crim. No. 00-0333, Docket No. 2 at 5).  As a result of the indictment, arrest warrants issued and petitioner voluntarily surrendered on July 7, 2000.  The arraignment and bail hearings were held before me July 21, 2000 (Crim. No. 00-0333, Docket No. 40).  Petitioner was ordered detained pending trial.

Attorney Ernesto Hernandez-Milan filed a notice of appearance on behalf of petitioner on July 12, 2000 and terminated representation on March 21, 2001.  Attorney Anita Hill-Adames filed a notice of appearance on March 27, 2001. (Crim. No. 00-0333, Docket Nos. 220-21).  While it appears from the docket that petitioner was preparing for trial, on June 25, 2001, petitioner entered a guilty plea. (Crim. No. 00-0333, Docket No. 295).   Having later had a change of heart, on October 15, 2001, petitioner moved to withdraw guilty

CIVIL 09-1023 (PG)                           3
(CRIMINAL 00-0333 (PG))

plea.  The motion was granted three days later, and on October 22, 2000,

petitioner and five other defendants proceeded to trial. (Crim. No. 00-0333,

Docket No. 419).  Five defendants, including petitioner,  proceeded to verdict

on November 20, 2001.  (Crim. No. 00-0333, Docket No. 495).  A sentence of

life imprisonment was imposed by the court on February 5, 2002. (Crim. No.

00-0333, Docket No. 570).  The other defendants that proceeded to verdict

also received life imprisonment as their sentences.  As did the others,

petitioner filed a timely notice of appeal.  (Crim. No. 00-0333, Docket No.

571).

### B. PROCEDURAL BACKGROUND: APPELLATE LEVEL

The conviction was affirmed on April 11, 2005.  Petitioner argued that

the district court erred in allowing the testimonies of five witnesses who had

entered into cooperation agreements with the government.  His argument that

their testimony is inherently unreliable was tersely rejected.  However, the

sentence of life imprisonment was vacated for the district court to reconsider

the sentence in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738

(2005).  (Crim. No. 00-0333, Docket No. 743).  United States v. Mercado-

Irizarry, 404 F.3d 497, 504 (1st Cir. 2005).  Before Booker, 543 U.S. 220, 125

S. Ct. 738, the court was required to impose a life sentence because it found

the murder cross-reference in U.S.S.G. § 2D1.1(d)(1) to be applicable.  Since

CIVIL 09-1023 (PG)                    4
(CRIMINAL 00-0333 (PG))

the Guidelines are now advisory, and thus the life sentence is no longer

mandated, the court of appeals determined that remand for resentencing was

appropriate under the advisory guidelines, and the government concurred.

United States v. Mercado-Irizarry, 404 F.3d at 503.

On remand, petitioner was again sentenced to life imprisonment on

November 21, 2005.  A request for reconsideration was denied. (Crim. No. 00-

0333, Docket No. 868).  Petitioner filed a notice of appeal on December 2,

2005. (Crim. No. 00-0333, Docket No. 876).

On July 18, 2007, the United States Court of Appeals for the First Circuit

affirmed the sentence in a two-page judgment. (Crim. No. 00-0333, Docket

No. 959).  The court of appeals noted that the district court adopted a new

math at resentencing, without explaining whether it was abandoning the

murder cross-reference, U.S.S.G. § 2D1.1(d)(1).  In fairness, the appellate

court assumed the district court determined the guidelines as argued in

appellant's brief.  That argument was that the district court determined

petitioner was accountable for more than ten kilograms of crack cocaine, added

four levels for petitioner's leadership role, and then sentenced him at the top of

the sentencing range of 360 months to life. (Crim. No. 00-0333, Docket No.

959 at 1-2).  The court thus mooted the error of the cross-reference issue in

petitioner's favor on remand.  The court of appeals also determined that there

CIVIL 09-1023 (PG)                              5
(CRIMINAL 00-0333 (PG))

was no unfair surprise in the calculations made by the court at resentencing.

Finally, the court determined that a life imprisonment was reasonable,

considering the district court's explanation for the same and the lack of

disparity of other co-defendants.

C.   MOTION UNDER 28 U.S.C. § 2255

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under

28 U.S.C. §2255 on January 13, 2009[1]. (Docket No. 1); (Crim. No. 00-0333,

Docket No. 972 (copy)).  A supplemental motion was filed on November 16,

2009 and denied by the court on February 17, 2010.  (Docket Nos. 5, 10).  A

motion for leave to amend and supplement was filed on January 26, 2010 and

also denied on February 17, 2010. (Docket Nos. 6, 11).  The court denied the

motion to vacate under 28 U.S.C. § 2255 on February 10, 2012, finding  that

the motion was filed three months after the one year statute of limitations had

expired.  Rodriguez v. United States, 2012 WL 458484 (D.P.R. 2012).  A

Motion to Amend or Correct Judgment was filed on March 5, 2012, as was a

Notice of Appeal. (Docket No. 24, 25).  The district court granted the motion to

Amend and instructed the government to answer the petition.  The appeal was

later voluntarily dismissed.  The government filed a response in opposition to

---

[1]While filed in December, 2008, the motion was entered on the docket in
January, 2009.

CIVIL 09-1023 (PG)                              6
(CRIMINAL 00-0333 (PG))

the motion on August 9, 2012. (Docket No. 40).   Petitioner then filed a Motion

to Amend and an amended Motion to Vacate, Set Aside or Correct Sentence on

November 8 and 28, 2012, respectively.  (Docket No. 46, 47).  The

government filed a response in opposition on January 11, 2013.  (Docket No.

54).  Finally, or perhaps penultimately, petitioner filed a reply to the response

on February 6, 2013. (Docket No. 55).

     On July 17, 2013, petitioner filed a separate motion to correct illegal

sentence relying on Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151

(2013) (Docket No. 57).

     Because petitioner appears pro se, his pleadings are considered more

liberally, however inartfully pleaded,  than those penned and filed by an

attorney.  See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007);

Campuzano v. United States, 976 F. Supp. 2d 89, 97 (D.P.R. 2013);  Proverb

v. O'Mara, 2009 WL 368617 (D.N.H. Feb. 13, 2009).  Notwithstanding such

license, petitioner's pro se status does not excuse him from complying with

both procedural and substantive law.   See Ahmed v. Rosenblatt, 118 F.3d 886,

890 (1st Cir. 1997).   Considering the supplements of motions and substitutions

of arguments, as reflected in the docket and the record, this compliance also

includes the law of limitations.

                                II.

CIVIL 09-1023 (PG)                          7
(CRIMINAL 00-0333 (PG))


Petitioner presents a fusillade of issues to the court in this collateral

attack on his life sentence, but appears to abandon issues which had already

been rejected by the district court.  (Docket No. 55 at 3).  He had alleged

ineffective assistance of counsel at sentencing and resentencing based upon

constitutional error under United States v. Booker, 543 U.S. 220, 125  S. Ct.

738, as well as ineffectiveness of counsel in failure to determine the minimum

and maximum guideline range in light of Blakely v. Washington, 542 U.S. 296,

124 S. Ct. 2531 (2004).  Counsel is also charged with ineffective assistance in

the erroneous use of false and unreliable information for departing at

sentencing.  Error in offense level miscalculation is also argued. (Docket No.

1).  Error is further attributed to the district court in relation to these last two

arguments.  The prosecutor joins the targets of petitioner's collateral attack

and is charged with misconduct in relentlessly presenting evidence of

uncharged misconduct in the form of murders, with nary an objection from the

defense.  A joint supplemental pleading was filed by five defendants who went

to trial and received life sentences.  The mental competency of co-defendants,

sentencing disparity, and failure to explain the consequences of going to trial

on the part of all defense counsel are issues raised.  (Docket No. 5).  That

argument has also been discarded by petitioner, and has already been rejected

by the court.

CIVIL 09-1023 (PG)                              8
(CRIMINAL 00-0333 (PG))

Petitioner amended his motion to vacate, set aside or correct  sentence on November 28, 2012. (Docket No. 47).  Petitioner states that the issue was not initially raised because the cases relied upon,  Missouri v. Frye, 566 U.S. ___, 132 S.Ct. 1399 (2012) and  Lafler v. Cooper, 566 U.S. ___, 132 S.Ct. 1376 (2012), are new and intervening changes in the law, decided on March 21, 2012, and which he could not have relied upon previously.  He argues that counsel failed to negotiate a plea for a lesser sentence and that counsel failed to attack the illegality of the conviction based upon the lack of authority to prosecute under the Commerce Clause, and because all of the facts in the case were based in Puerto Rico. (Docket No. 47 at 11).

As remedy, petitioner asks the court to vacate his conviction, discharge him from unlawful imprisonment or allow him to plea anew to a lesser sentence as the ends of justice would best be served. (Docket No. 47 at 12).

The United States responds to the motion to vacate by noting its lack of merit in broadest terms but also noting that the supplemental claims are not supplemental at all since they are independent from the original claims listed in the first motion and are therefore time barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) since they were filed more than a year after the conviction became final.  It appears that the conviction became final on February 19, 2008, so that petitioner had until February 19, 2009 to

CIVIL 09-1023 (PG)                              9
(CRIMINAL 00-0333 (PG))

file the motion, barring equitable tolling, not applicable here.  This limitations period however applies to supplements and amendments which do not relate back to issues already raised in the original motion which is not time barred.

The United States also ripostes that petitioner received adequate representation, that his allegations are wholly conclusory, presented perfunctorily, and facially inadequate.    Furthermore, it is argued that the record contradicts petitioner's arguments as to counsel's failing to negotiate a lesser sentence.  Indeed, petitioner stated he was innocent on more than one occasion, before he entered a guilty plea and after he withdrew the same.  Thus, this argument taxes credulity.  The Commerce Clause argument is understandably addressed almost as a postscript.

Petitioner filed a reply to the response on February 6, 2013. (Docket No. 55).  He stresses reliance on Missouri v. Frye, 566 U.S. ____, 132 S.Ct. 1399 and  Lafler v. Cooper, 566 U.S. ____, 132 S.Ct. 1376 as intervening Supreme Court decisions which could not be predicted by him prior to filing his original timely motion.  Interestingly, petitioner refers to his motion of November 28, 2012 and states that he wishes to "replace his prior arguments with these new allegations."  He enters into a discussion as to how his arguments relate back to the original motion particularly since he was never aware of the murder cross reference , U.S.S.G. § 2A1.1,  prior to trial or during the plea

CIVIL 09-1023 (PG)                              10
(CRIMINAL 00-0333 (PG))

negotiations.  (Docket No. 55 at 3).  Indeed he stresses that although he "pled

his innocent from the beginning to the end, if he knew the government

intended to give him the leadership, managerial, supervisory etc. and the

U.S.S.G. § 2A1.1 murder cross-reference despite his innocence, he would have

taken the plea offer as a better alternative decision than trial."  This is another

statement that taxes credulity since notwithstanding his alleged innocence, he

entered a guilty plea and then decided to proceed to trial.  Furthermore, there

is no indication that the guilty plea which he made was a plea of convenience.

See North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160 (1970).  Petitioner

emphasizes that the court would have imposed a term of ten years

imprisonment at a base offense level of 26 (rather than 43 with a murder

cross-reference).  (See Docket No. 47-4 at 18).  Petitioner received an offer of

thirteen years.  Nevertheless he proceeded to trial.

Subject matter jurisdiction is lightly addressed since the government

hardly addresses it. The charges simply do not violate the Commerce Clause of

the United States Constitution.  The argument has an evanescent nature which

does not invite development by the court.

With this procedural history in mind, I address the matters raised by

petitioner, whether they are time-barred, but with the notation that all issues

CIVIL 09-1023 (PG)                    11
(CRIMINAL 00-0333 (PG))

are either time barred, not subject of a section 2255 motions, or addressed in

perfunctory terms, and thus meritless.

III.

Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction

relief if:

> the sentence was imposed in violation of the
> Constitution or laws of the United States, or that the
> court was without jurisdiction to impose such sentence,
> or that the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to collateral
> attack . . . .

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3, 82 S.Ct.

468 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).

Collateral attack on nonconstitutional and nonjurisdictional "claims are properly

brought under section 2255 only if the claimed error is 'a fundamental defect

which inherently results in a complete miscarriage of justice' or 'an omission

inconsistent with the rudimentary demands of fair procedure.'" Knight v.

United States, 37 F.3d 769, 772 (1st Cir. 1994) (quoting Hill v. United States,

368 U.S. at 428, 82 S.Ct. 468).  A claim of ineffective assistance of counsel is

one such constitutional violation that may be raised by way of a section 2255

motion.  See United States v. Kayne, 90 F.3d 7, 14 (1st Cir. 1996);

CIVIL 09-1023 (PG)                    12
(CRIMINAL 00-0333 (PG))

Hernandez-Albino, ___F.Supp. 2d___, 2014 WL 1017890 (Mar. 14, 2014) at *3.

The burden is on the petitioner to show his entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his entitlement to an evidentiary hearing. Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)). Petitioner has requested an evidentiary hearing, and requests specific relief to which he may be entitled. (Docket No. 1 at 13). Although he has stated that he has not previously asked for appointment of counsel, he did so. That request was denied. (Docket No. 12). Had it been granted, counsel would have been appointed to represent him. Nevertheless, it has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." United States v. McGill, 11 F.3d at 226 (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" United States v. McGill, 11 F.3d at 226 (quoting Shraiar v. United States, 736 F.2d 817, 818 (1st Cir.

CIVIL 09-1023 (PG)                    13
(CRIMINAL 00-0333 (PG))

1984)); <u>Barreto-Rivera v. United States</u>, 887 F.Supp.2d 347, 353 (D.P.R. 2012).

A. INEFFECTIVE ASSISTANCE OF COUNSEL

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence."  U.S. Const. amend. 6.  To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. <u>Strickland v. Washington</u>, 466 U.S.  668, 687, 104 S. Ct. 2052 (1984).  "This inquiry involves a two-part test." <u>Rosado v. Allen</u>, 482 F. Supp. 2d 94, 101 (D. Mass. 2007).  "First, a defendant must show that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" <u>Id.</u> (quoting <u>Strickland v. Washington</u>, 466 U.S. at 690, 104 S. Ct. 2052 .)  "This evaluation of counsel's performance 'demands a fairly tolerant approach.'" <u>Rosado v. Allen</u>, 482 F. Supp. 2d at 101 (quoting <u>Scarpa v. DuBois</u>, 38 F.3d 1, 8 (1st Cir. 1994)).  "The court must apply the performance standard 'not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented.'" <u>Rosado v. Allen</u>, 482 F. Supp. 2d at 101 (quoting <u>United States v. Natanel</u>, 938 F.2d 302, 309 (1st Cir. 1991)); <u>Toro-Mendez v. United States</u>, 976 F. Supp. 2d 79, 85 (D.P.R. 2013).  The test

CIVIL 09-1023 (PG)                          14
(CRIMINAL 00-0333 (PG))

includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996) (quoting Strickland v. Washington, 466 U.S. at 689, 104 S. Ct. 2052 ); Perocier-Morales v. United States, 887 F.Supp.2d 399, 416 (D.P.R. 2012).  "Second, a defendant must establish that prejudice resulted 'in consequence of counsel's blunders,' which entails 'a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d at 8) (quoting Strickland v. Washington, 466 U.S. at 694, 104 S. Ct. 2052) ; see Padilla v. Kentucky, 559 U.S. 356, 366, 130 S. Ct. 1473 (2010) (quoting Strickland v. Washington, 466 U.S. at 688, 104 S. Ct. 2052): Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); Scarpa v. Dubois, 38 F.3d at 8; López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990) (citing Strickland v. Washington, 466 U.S. at 687); De-La-Cruz v. United States, 865 F.Supp.2d 156, 166 (D.P.R. 2012). However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Argencourt v. United States, 78 F.3d at 16 (quoting Strickland v. Washington, 466 U.S. at 691, 104 S. Ct. 2052).  Thus, "[c]ounsel's actions are to be judged 'in light of the whole record, including the

CIVIL 09-1023 (PG)                    15
(CRIMINAL 00-0333 (PG))

facts of the case, the trial transcript, the exhibits, and the applicable

substantive law.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v.

DuBois, 38 F.3d at 15).  The defendant bears the burden of proof for both

elements of the test.  Cirilo-Muñoz v. United States, 404 F.3d at 530,  (citing

Scarpa v. DuBois, 38 F.3d at 8-9); Espinal-Gutierrez v. United States, 887

F.Supp.2d 361, 374 (D.P.R. 2012).

    Petitioner's allegations as to inadequate representation clearly fall into

two categories: conclusory or undeveloped and contradicted by the written

record.  For example, the issue of the increase in base offense level based

upon murders, evidence of which was arguably not brought before the jury and

proved beyond a reasonable doubt was raised as an objection to the pre-

sentence report and again at initial sentencing. (Crim. No. 00-333, Docket No.

577 at 4).  Counsel argued that petitioner was the least culpable of the

defendants who were the triggermen in those murders.   During the trial, as

well as at sentencing and resentencing, counsel's representation may be

described as adequate and forceful, including disagreeing with the district court

on numerous occasions.  A review of the record reveals a defense full of

punches regardless of the outcome of the main event.  But in any event, even

if an assumption is made that the attorney's performance was lacking, an

extreme assumption on this record, there would be no prejudice because the

CIVIL 09-1023 (PG)                         16
(CRIMINAL 00-0333 (PG))

court of appeals adopted the defense-favorable argument in ignoring the

murder cross-reference upon review of the resentencing.   In short, cause and

prejudice are lacking.

B. SECTION 2255 AND FED. R. CIV. P. 15©

Rule 15(c)(1)  of the Federal Rules of Civil Procedure allows for

amendment when "it relates back to the date of the original petition."   On

November 8, 2012, petition announced that he would like to file  an amended

2255 motion, relating back to the original 2255 motion, and adding new

grounds for relief under intervening Supreme Court jurisprudence.  (Docket

Nos. 46, 47).   Petitioner also moved to strike "all previous deficient claims

raised in my initial review collateral proceeding."  Those deficient claims had

already been stricken by the district court.   This invites a discussion of the

defense of limitations since in the context of 2255 motions, the matter of an

amendment's relating back to the original pleading is strictly construed.  See

Vega-Figueroa v. United States, 206 F.R.D. 524, 525 (D.P.R. 2002).   I keep in

mind that an overly broad reading of the rule providing for amendment would

amount to a judicial rescission of the applicable statute of limitations period.

See Gutierrez-Sanchez v. United States, 2008 WL 2704824 (D. Mass. 2008) at

*6, citing United States v. Espinoza, 235 F. 3d 501, 505 (10th Cir. 2000).

C. LIMITATIONS

CIVIL 09-1023 (PG)                                17
(CRIMINAL 00-0333 (PG))


     The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

instituted a limitations period of one year from the date on which a prisoner's

conviction became final within which to seek federal habeas relief.  See Pratt v.

United States, 129 F.3d 54, 58 (1st Cir. 1997).  Clearly, the amended motions

were filed well over a year from the date petitioner's sentence became final

and unappealable, and unless they contain subjects related to the core of the

initial motion, they are time barred.

     In its pertinent part, section 2255 reads:

>          A 1-year period of limitation shall apply to a motion
>          under this section.  The limitation period shall run from
>          the latest of–
>          (1) the date on which the judgment of conviction
>          becomes final;
>          (2) the date on which the impediment to making a
>          motion created by  governmental action in violation of
>          the Constitution or laws of the United States is
>          removed, if the movant was prevented from making a
>          motion by such government action;
>          (3) the date on which the right asserted was initially
>          recognized by the Supreme Court, if that right has
>          been newly recognized by the Supreme Court and
>          made retroactively applicable to cases on collateral
>          review; or
>          (4) the date on which the facts supporting the claim or
>          claims presented could have been discovered through
>          the exercise of due diligence.

28 U.S.C. § 2255 (f).

CIVIL 09-1023 (PG)                        18
(CRIMINAL 00-0333 (PG))

It is pellucidly clear that petitioner's motion and supporting memorandum reveal no  circumstances which would equitably toll the limitations period of the statute.  See e.g. Ramos-Martinez v. United States, 638 F.3d 315, 321-24 (1st Cir. 2011).   A fortiori, one is forced to conclude that petitioner's supplemented claims are time-barred.   See Trenkler v. United States, 268 F.3d 16, 24-27 (1st Cir. 2001).  Notwithstanding the argument in petitioner's latest reply brief, the amendments simply do not relate back to the original petition.  United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005).

### D.  NEWLY RECOGNIZED RIGHT

In Missouri v. Frye, 566 U.S. ___, 132 S.Ct. at 1408, the Supreme Court held that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.  See Perez-Mejias v. United States, 2013 WL 5882281 (D.P.R. Oct. 30, 2013) at *2.  If such a formal offer was not communicated to a defendant, and the offer thus lapsed, then "...defense counsel did not render the effective assistance that the Constitution requires." Id.; Catalan-Roman v. United States, 2013 WL 6229385 (D.P.R. Dec. 2, 2013) at *6; see Lafler v. Cooper, 566 U.S. ___, 132 S.Ct. at 1390-91.   "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must

CIVIL 09-1023 (PG)                    19
(CRIMINAL 00-0333 (PG))

demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel.  Missouri v. Frye, 566 U.S.____, 132 S.Ct. at 1409; Perez-Mejias v. United States, 2013 WL 5882281 at *2.   The defendants must also demonstrate " . . a reasonable probability that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it . . ."  Id.; Campuzano v. United States, 976 F. Supp. 2d 89, 115, n.16 (D.P.R. 2013).

Petitioner's substantive argument relies on a "newly recognized right" as arguably provided by Lafler v. Cooper, 566 U.S. ____, 132 S.Ct. 1376 and Missouri v. Frye, 566 U.S. ____, 132 S.Ct. 1399.  A review of recent circuit case law reveals tellingly that the majority of the circuit courts, all that have considered the matter,  have found that neither Supreme Court decision announced such a "newly recognized right".   Gallagher v. United States, 711 F.3d 315, 316 (2d Cir. 2013); Williams v. United States, 705 F.3d 293, 294 (8th Cir. 2013);  In re King, 697 F.3d 1189 (5th Cir. 2012); Hare v. United States, 688 F.3d 878-80 (7th Cir. 2012); Buenrostro v. United States, 697 F.3d 1137-40 (9th Cir. 2012); In Re Graham, 714 F.3d 1181, 1182-83 (10th Cir. 2013); In re Perez, 930, 932-34 (11th Cir. 2012)[2].  Petitioner relies generally on the

─────────────────────

[2]Most of these cases are compiled in Lebron-Cepeda v. United States, 2013 WL 2252952 (D.P.R. May 22, 2013) at *2; Hestle v. United States, 2013 WL 1147712 (E.D. Mich., Mar. 19, 2013).

CIVIL 09-1023 (PG)                    20
(CRIMINAL 00-0333 (PG))

principles of Strickland v. Washington, 466 U.S. at 688, 104 S. Ct. 2052.

Clearly, Lafler v. Cooper, 566 U.S. ___, 132 S.Ct. 1376 and Missouri v. Frye,

566 U.S. ___, 132 S.Ct. 1399 are refinements of Strickland v. Washington, 466

U.S. at 688, 104 S. Ct. 2052 and Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366[3]

both of which ring a death knell to the "newly recognized right" argument.

Rodriguez-Rodriguez v. United States, 2013 WL 3381259 (D.P.R. July 8, 2013)

at *6.  And even assuming Lafler v. Cooper, 566 U.S. ___, 132 S.Ct. 1376 and

Missouri v. Frye, 566 U.S. ___, 132 S.Ct. 1399 announced "a new rule of

constitutional law",  neither case contains any express language as to

retroactivity. See Tyler v. Cain, 533 U.S. 656, 663, 121 S. Ct. 2478 (2001);

Gallagher v. United States, 711 F.3d at 316.

        Addressing the substance of the Sixth Amendment argument, it is clear

from this record that there were plea negotiations, that a guilty plea was

entered and that months later, petitioner sought to withdraw the plea that he

had entered, stressing his innocence and proceeding to trial.  Petitioner

completely ignores any mention of the fact that he entered a guilty plea to the

charge and nowhere is there reference in the argument that he entered a plea

_____

        [3]See Gallagher v. United States, 711 F.3d at 315-16;  Williams v. United States, 2013 WL239839 (S.D.N.Y. Jan. 23, 2013) at *5; Perocier-Morales v. United States, 887 F. Supp. 2d at 407; cf. United States v. Martinez, 2013 WL 951277 (D.Mass. Mar. 8, 2013) at *3.

CIVIL 09-1023 (PG)                    21
(CRIMINAL 00-0333 (PG))

of convenience, or whether it was a straight plea or a plea resulting from agreement.  His attack on counsel is not only undeveloped, it is devoid of candor based upon the face of the record alone.  Ultimately, however, petitioner must show that any plea offer would have been accepted by the court if communicated to counsel and not communicated to him.  The court in this case clearly would never have accepted a plea offer proffered by petitioner, notwithstanding the certainty with which he presents the argument on collateral attack.

Petitioner also raises numerous sentencing issues and issues related to the guidelines.  The sentencing issues were considered in plenary fashion by the court of appeals and revisiting them would be error.  Indeed, it is hornbook law that a prisoner may not use a section 2255 petition to relitigate questions that were raised and considered on direct appeal. Vega-Colon v. United States, 463 F. Supp. 2d 146, 156 (D.P.R. 2006), citing  Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) (quoting United States v. Dirring, 370 F.2d 862, 864 (1st Cir. 1967)); Cirilo Munoz v. United States, 404 F.3d at 533; also see Withrow v. Williams, 507 U.S. 680, 720-21 (1993); Berthoff v. United States, 308 F.3d 124, 127-28 (1st Cir. 2002); Argencourt v. United States, 78 F.3d at 16 n.1.

E.  PERFUNCTORY ARGUMENT

CIVIL 09-1023 (PG)                    22
(CRIMINAL 00-0333 (PG))

        A review of the later arguments invites the conclusion that it is impossible

to find that any claimed and unsubstantiated error has produced "'a

fundamental defect which inherently results in a complete miscarriage of

justice' or 'an omission inconsistent with the rudimentary demands of fair

procedure.'"  Knight v. United States, 37 F.3d at 772 (quoting Hill v. United

States, 368 U.S. at 428, 82 S. Ct. 468).   It is a settled rule that "issues

adverted to in a perfunctory manner, unaccompanied by some effort at

developed argumentation, are deemed waived." Nikijuluw v. Gonzales, 427

F.3d 115, 120 n.3 (1st Cir. 2005);  United States v. Zannino, 895 F.2d 1, 17

(1st Cir. 1990), cited in United States v. Diaz-Castro, ____F.3d____, 2014 WL

2142516 (1st Cir. 2014) at *10, n.10.  In relation to a motion to vacate

sentence, ordinarily the court would have to "take petitioner's factual

allegations 'as true,'" however it will not have to do so when like in this case

"'they are contradicted by the record . . . and to the extent that they are

merely conclusions rather than statements of fact.'"  Otero-Rivera v. United

States, 494 F.2d 900, 902 (1st Cir. 1974) (quoting Domenica v. United States,

292 F.2d 483, 484 (1st Cir. 1961));  Cintron-Boglio v. United States, 943 F.

Supp. 2d 292, 299 (D.P.R. 2013);   Rivera-Garcia v. United States, 2014 WL

212534 (D.P.R. Jan. 10, 2014) at *3.   Such is the case here.   Petitioner offers

no legal support for his raw argument.  See e.g. Barreto-Barreto v. United

CIVIL 09-1023 (PG)                    23
(CRIMINAL 00-0333 (PG))

<u>States</u>, 551 F.3d 95, 99 (1st Cir. 2008).   This is particularly true as to the

argument as to prosecutorial misconduct and violation of the Commerce Clause

or lack of jurisdiction.  But even the sentencing range, his expectation of a ten

year sentence which the district court would surely have imposed, and

professing minor participation (an argument rejected by he court) in an

enterprise he totally rejects are all matters of rote argument.  All of the

primary organizational enforcers, which include petitioner, received either life

sentences or sentences ranging from 292 to 312 months.  Aside from one

dismissal, all but another defendant received 168 months and above.  And in

petitioner's case, the murder cross-reference has all but become irrelevant

after the second judgment of the court of appeals.

     F. <u>ALLEYNE v. UNITED STATES</u>, 570 U.S. ____, 133 S. Ct. 2151

     The verdict form announced petitioner's guilt as to Count One of the

Indictment.  The jury unanimously agreed, by proof beyond a reasonable

doubt, that the quantity of cocaine which was distributed and/or intended to be

distributed as part of the conspiracy was five kilograms or more.  It also

agreed that by proof beyond a reasonable doubt, that the quantity of heroin

which was distributed and/or intended to be distributed as part of the

conspiracy was fifty grams or more. (Docket No. 00-333, Docket No. 497).

CIVIL 09-1023 (PG)                          24
(CRIMINAL 00-0333 (PG))


Petitioner relies on a newly recognized right announced by the United

States Supreme Court under 28 U.S.C. § 2255 (f)(3).  The date of that

announcement is June 17, 2013, the date Alleyne v. United States, 570

U.S.___, 133 S.Ct. 2151 was decided.

In overruling its own case law, the Supreme Court held the following:

Any fact that, by law, increases the penalty for a crime is an
"element" that must be submitted to the jury and found beyond a
reasonable doubt. Mandatory minimum sentences increase the
penalty of a crime.  It follows, then, that any fact that increases the
mandatory minimum is an "element" that must be submitted to the
jury.

Alleyne v. United States, 570 U.S. at___, 133 S. Ct. at 2155.

Petitioner traces the holding of Alleyne in relying on 28 U.S.C. § 2255

(f)(3) to bring his supplemental claim, relying on a new limitations period.

Clearly,  Alleyne v. United States, 570 U.S.___, 133 S.Ct. 2151 reads like and

is an extension of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348

(2000), and did set forth a new rule of constitutional law.  However, the rule

does not apply retroactively to cases on collateral review.  See United States v.

Reyes, ___F.3d___, 2014 WL 2747216 (3rd Cir. 2014) at *1; United States v.

Castillo, ___F.3d___, 2014 WL 1244723 (10th Cir. 2014) at *1, citing  In re

Payne, 733 F.3d 1027, 1029 (10th Cir. 2013); Simpson v. United States, 721

F.3d 875, 876 (7th Cir. 2013); Barrow v. United States, ___F.Supp.2d___,

2014 WL 6869654 (D.P.R. Nov. 21, 2013) at *5; Ortiz-Aponte v. United States,

CIVIL 09-1023 (PG)                    25
(CRIMINAL 00-0333 (PG))


2014 WL 2604723 (D.P.R. Jun. 11, 2014) at *2;  United States v. Popa, 2013

WL 5771149 (D. Minn. Oct. 24, 2013) at *3; cf. Scarier v. Summering, 542

U.S. 348, 352, 124 S.Ct. 2519 (2004).   District Judge Tunheim tersely

described the portent of Alleyne, 570 U.S.___, 133 S.Ct. 2151.  "Alleyne is not

a new "watershed" decision but rather an extension of the Supreme Court's

earlier decision in Apprendi v. New Jersey, 530 U.S. 466 (2000)." United States

v. Popa, 2013 WL 5771149 at *3 (citing cases  cited above).  Thus Alleyne v.

United States, 570 U.S.___, 133 S.Ct. 2151 is not applied retroactively. See

Dodd v. United States, 545 U.S. 353, 359-360, 125 S.Ct. 2478 (2005); cf.

Teague v. Lane, 489 U.S. 288, 300-310, 109 S.Ct. 1060 (1989).  In any event,

there is no violation of Alleyne v. United States, 570 U.S. at___, 133 S.Ct.

2151. See United States v. Ramirez-Negron, ___F.3d___, 2014 WL 1856762

(1ˢᵗ Cir. 2014) at *5. ("...factual findings made for purposes of applying the

Guidelines, which influence the sentencing judge's discretion in imposing an

advisory Guidelines sentence and do not result in imposition of a mandatory

minimum sentence, do not violate the rule in Alleyne.").  Indeed the court flatly

rejected the proposition that all drug quantity calculations made under the

advisory Guidelines must be submitted to a jury. "That would be both contrary

to Alleyne and an extension of Alleyne." Id. at 6.

IV.

A.  SUMMARY

CIVIL 09-1023 (PG)                              26
(CRIMINAL 00-0333 (PG))


        The court clearly informed petitioner at resentencing that it sentenced all

five defendants to life imprisonment because the evidence merited such

sentences, irrespective of whether the guidelines were mandatory or advisory.

(Crim. No. 00-333. Docket No. 907 at 13-14).  The reasoning behind the

sentence was pellucidly considered by the court of appeals.  This court cannot

revisit the matter in the guise of a collateral attack.  Petitioner believes the

court would have sentenced him to 120 months with a favorable plea

agreement.  A review of this record with focus on the numerous outcomes

proves that figure to be a wish.  Fifteen sentences were over 120 months,

seven of them over 200 months.  The other defendants who filed motions

under Section 2255 failed to prevail, and one has continued on with a petition

of writ of Audita Querela *sub judice* followed by a motion for summary

judgment.   Furthermore, this extensive record does not invite an

extraordinary remedy based upon a Sixth Amendment violation.   This petition

clearly lacks even a colorable semblance of merit and the judgment of the

court of appeals reflects and supports that conclusion.  Penultimately, a new

rule of constitutional law, made retroactive to cases on collateral review by the

Supreme Court, that was previously unavailable, has not been presented to

this court for its consideration.  And finally, arguments raised more than one

year after the conviction became final are time-barred.

                              B.  CONCLUSION

CIVIL 09-1023 (PG)                    27
(CRIMINAL 00-0333 (PG))

On a habeas corpus petition, there is a presumption of regularity of the sentence, which the petitioner must overcome. Espinoza v. Sabol, 558 F.3d 83, 89-90 n.7 (1st Cir. 2009.)   Petitioner's sentence was twice reviewed and once revisited. There was no second visitation. It is final.  Petitioner has already had his "...reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." See United States v. Barrett, 178 F.3d 34, 51 (1st Cir. 1999), quoting In re Davenport, 147 F.3d 605, 609 (1st Cir. 1998).   Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)  "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality and federalism." Woodford v. Garceau, 538 U.S. 202, 206, 123 S. Ct. 1398 (2003).   Petitioner's conviction furthers such principles and to further discuss the merits of time barred arguments defeats the intent of Congress to place limitations on collateral attacks, regardless of the legerdemain of jailhouse lawyers.

### C. RECOMMENDATION

In a nutshell, petitioner's arguments conclusively show that he is not entitled to extraordinary relief.  His reliance on recent Supreme Court decisions carry no portent vis-a-vis his arguments.  His continuous insistence on his innocence contradicts his position at the change of plea hearing where he was placed under oath and did not enter a plea of convenience, as he says he is

CIVIL 09-1023 (PG)                            28
(CRIMINAL 00-0333 (PG))


willing to do now, but to a lesser offense.   Indeed, at the initial sentence, he

stressed his innocence because he had nothing to do with "what had happened,

at all".  (Crim. No. 00-333, Docket No. 577 at 11).  Where his arguments lack

a factual basis and development, that vacuum is accompanied by the

conclusion that the court of appeals has considered the remaining argument

and ruled against him.   Finally, there is no hint that defense counsel violated

petitioner's constitutional right to adequate representation of counsel.

In view of the above, I recommend that the motion under Title 28 U.S.C.

§ 2255 filed on January 13, 2009 (Docket No. 1) be DENIED and that the

additional  motion under Title 28 U.S.C. § 2255 relying on Alleyne v. United

States, 570 U.S.___, 133 S.Ct. 2151,  filed on July 17, 2013 (Docket No. 57)

be DENIED without evidentiary hearing.

Furthermore, I recommend that no certificate of appealability issue

should petitioner file a notice of appeal, because there is no substantial

showing in either motion of the denial of a constitutional right within the

meaning of Title 28 U.S.C. § 2253(c)(2). Miller-El v. Cockrell, 537 U.S. 322,

336, 123 S.Ct. 1029 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct.

1595 (2000); Lassalle-Velazquez v. United States, 948 F. Supp. 2d 188, 193

(D.P.R. 2013).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico,

any party who objects to this report and recommendation must file a written

CIVIL 09-1023 (PG)                              29
(CRIMINAL 00-0333 (PG))


objection thereto with the Clerk of this Court within fourteen (14) days of the

party's receipt of this report and recommendation.  The written objections

must specifically identify the portion of the recommendation, or report to which

objection is made and the basis for such objections.  Failure to comply with this

rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155

(1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-

Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988);

Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega,

678 F.2d 376, 378-79 (1st Cir. 1982)

        At San Juan, Puerto Rico, this 19th day of June, 2014.


                               S/JUSTO ARENAS
                        United States Magistrate Judge