**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

**GERMAN RODRIGUEZ-RODRIGUEZ,**

    Petitioner,

       v.

**UNITED STATES OF AMERICA,**

    Respondent.

CIV. NO. 09-1023(PG)
(Re: Criminal No. 00-0333(PG))

**OMNIBUS OPINION AND ORDER**

    Before the court are German Rodríguez Rodríguez's ("Petitioner" or "Rodríguez-Rodríguez") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1); Amended Motion to Vacate (Docket No. 47) and Motion to Correct Illegal Sentence (Docket No. 57). The case was referred to a Magistrate Judge who submitted a Report and Recommendation recommending that the motions be denied. Rodríguez-Rodríguez duly filed his objections. After reviewing all the parties's submissions, the Court DENIES Petitioner's motions.

### I. Factual and Procedural Background

    Rodríguez-Rodríguez was indicted on June 30, 2000 in a one-count indictment for knowingly and intentionally conspiring with the other co-defendants to distribute narcotics at the Tibes Housing Project in Ponce, Puerto Rico. See Docket No. 2 of Crim. No. 00-0333.

    On July 12, 2000, attorney Ernesto Hernández-Milan ("Hernandez-Milan") filed a notice of appearance as counsel for Rodríguez-Rodríguez. See Docket No. 23 of Crim. No. 00-0333. After informing the Court that his client would go to trial, Hernandez-Milan filed a motion to withdraw as Rodríguez-Rodríguez's attorney due to conflict of interest. See Docket Nos. 175 and 218 of Crim. No. 00-0333. On March 27, 2001, Anita Hill-Adames ("Hill-Adames") filed a Notice of Appearance as new counsel. See Docket No. 221 of Crim. No. 00-0333.

    The record shows that on June 25, 2001, Rodríguez-Rodríguez entered a plea of guilty as to Count One. See Docket No. 295 of Crim. No. 00-0333. However, on October 15, 2001, Petitioner filed a motion to withdraw his guilty plea and continue to trial. See Docket No. 406 of Crim. No. 00-0333.

Civ. No. 09-1023(PG)                                                        Page 2

Trial was set for October 22, 2001. <u>See</u> Docket No. 409 of Crim. No. 00-0333.

Ultimately, the jury found Rodríguez-Rodríguez guilty as to Count One of the indictment. <u>See</u> Docket No. 497 of Crim. No. 00-0333. The jury found that the quantity of drugs involved was five (5) kilograms or more of cocaine and one (1) kilogram or more of heroine. <u>Id</u>. On February 8, 2002, Rodríguez-Rodríguez was sentenced to a term of life imprisonment. <u>See</u> Docket No. 570 of Crim. No. 00-0333.

Petitioner challenged his conviction and sentence. <u>See</u> Docket No. 570 of Crim. No. 00-0333. The Court of Appeals affirmed the conviction but vacated the sentence in light of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). <u>See</u> Docket No. 753 of Crim. No. 00-0333. On November 21, 2005, the District Court re-sentenced Rodríguez-Rodríguez to life imprisonment. <u>See</u> Docket No. 868 of Crim. No. 00-0333. Once again, Rodríguez-Rodríguez appealed. The First Circuit, however, affirmed the sentence. <u>See</u> Docket No. 959 of Crim. No. 00-0333.

On December 10, 2008, Rodríguez-Rodríguez filed the motion to vacate under § 2255. <u>See</u> Docket No. 1 of Civ. No. 09-1023. In his Memorandum of Law, Petitioner raises several claims regarding ineffective assistance against attorneys Hernández-Milan and Hill-Adames. <u>See</u> Docket No. 1-2. On August 4, 2010, the government filed its response in opposition to the Motion to Vacate. <u>See</u> Docket No. 18.

On February 10, 2010, the Court entered an Opinion and Order denying the Petitioner's request for relief. <u>See</u> Docket No. 22. Petitioner filed a Motion to Amend Judgment and a Notice of Appeal. <u>See</u> Docket Nos. 24 and 25, respectively. The appeal was later voluntarily dismissed. <u>See</u> Docket No. 48.

On July 5, 2012, the Court granted the Motion to Amend because it found that the petition was timely and ordered the Government to respond to the § 2255 motion on the merits. <u>See</u> Docket No. 37. The Government filed the response on August 9, 2012. <u>See</u> Docket No. 40.

On November 8, 2012, Petitioner filed a Motion to Amend the § 2255 petition to add new grounds for relief in light of <u>Lafler v. Cooper</u>, 132 S.Ct. 1376 (2012); <u>Missouri v. Frye</u>, 132 S.Ct. 1399 (2012) and <u>Martinez v. Ryan</u>, 132 S.Ct. 1309 (2012). <u>See</u> Docket No. 46. The Court granted the request. <u>See</u> Docket No. 60. The government filed its response to Petitioner's claims on the merits on January 11, 2013. <u>See</u> Docket No. 54.

Finally, on July 17, 2013, Petitioner filed a separate motion to correct his sentence relying on Alleyne v. United States, 570 U.S. ___, 133 S.Ct. 2151 (2013). See Docket No. 57.

As per this court's request, on June 19, 2014, Magistrate-Judge Justo Arenas entered a Report and Recommendation ("Report" or "R&R") recommending that the petition be denied and warning the parties that they had fourteen (14) days to file any objections to the R&R. See Docket No. 58. Petitioner filed his objections to the R&R. See Docket No. 59.

## II. Legal Standard

Pursuant to 28 U.S.C. §§ 636(b)(1)(B), FED.R.CIV.P. 72(b), and Local Rule 72, a District Court may refer dispositive motions to a Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." U.S. v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003)(quoting 28 U.S.C. §§ 636(b)(1)).

If objections are timely filed, the District Judge shall "make a *de novo* determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Felix Rivera de Leon v. Maxon Engineering Services, Inc., 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, "the district court can assume that they have agreed to the magistrate's recommendation." Alamo Rodriguez, 286 F.Supp.2d at 146 (citation omitted).

Lastly, because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

## III. Arguments

In his original § 2255 petition, Rodríguez-Rodríguez puts forth four grounds for which he claimed that he was being held in violation of the Constitution and the laws of the United States. First, he claimed that there was clear error in reference to the district court's initial

Civ. No. 09-1023(PG)                                                  Page 4

sentencing and resentencing in light of *Booker*. See Docket No. 1. Second, the Petitioner claimed that the District Court failed to correctly determine the minimum and maximum guideline range in light of Blakely v. Washington, 542 U.S. 296 (2004). Id. Third, that the District Court relied on erroneous and unreliable information for an upward departure on his sentence. Id. And fourth, that the District Court made an erroneous determination of the initial offense level and initial offense guideline. Id. Petitioner also claimed that he suffered ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution, because his attorneys failed to raise all these challenges in due course. Id.

In his Amended Motion, Rodríguez-Rodríguez renewed his ineffective assistance of counsel claims, only this time he asserted that the deficient legal representation arose in the context of plea negotiations. See Docket No. 47. According to Rodríguez-Rodríguez, had he known "that it would be in his best interest to take a plea for a lesser penalty than a life sentence...[he] would have agreed to negotiate a plea deal for 10 years imprisonment for the conspiracy to distribute..." See Docket No. 47 at page 4. The problem, he says, was that attorney Hill-Adames failed to advice him of any other option but trial. Id. Petitioner points to several 2012 Supreme Court cases[1] as the legal basis for his claims.

Furthermore, Rodríguez-Rodríguez avers that his Amended Motion relates back to the original pleading and is therefore not barred. See Docket No. 47.

**A. Motion to Vacate (Docket No. 1)**

In his objections to the R&R, Rodríguez-Rodríguez states that the document fails "to give proper analysis" to his various claims. See Docket No. 59 at page 2. We differ from that assessment but will nonetheless thoroughly address Petitioner's arguments.

**1. Ineffective Assistance of Counsel on *Booker* issue.**

The Petitioner states that the District Court violated his due process rights when it applied the Sentencing Guidelines' "murder cross-reference" to enhance his sentence to life without submitting the enhancement factors

---

[1] Specifically, Petitioner relies on Lafler v. Cooper; Missouri v. Frye; NFIB v. Sebelius, ___ U.S. ___, 132 S.Ct. 2566 (2012)and Maryland v. King, ___ U.S. ___, 133 S.Ct. 1 (2012). Even though *Lafler* and *Frye* deal with ineffective assistance of counsel, *Sebelius* and *King* are completely unrelated to the controversies at hand.

Civ. No. 09-1023(PG)                                                    Page 5

(namely,"violence and being involved with murder and weapons") to the jury for proof beyond a reasonable doubt. See Docket No. 1-2 at page 6. According to Rodriguez-Rodriguez this constitutes a "constitutional *Booker* error" recognized by other Circuits, but not the First Circuit. See Docket No. 1-2 at page 6. Rodríguez-Rodríguez complains that his attorney failed to raise the issue at resentencing and on appeal, thus violating his Sixth Amendment rights.

To prevail on a claim of ineffective assistance of counsel, the petitioner must show both that counsel's performance was deficient and that it resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Shuman v. Spencer, 636 F.3d 24, 31 (1st Cir. 2011). If he falls short on either requirement, his claim fails. Strickland, 466 U.S. at 697.

Deficient performance means that trial counsel's representation failed to meet "an objective standard of reasonableness." Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir.2010) (quoting Strickland, 466 U.S. at 688) (internal quotation marks omitted). Counsel's performance is deficient only if, "given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." Id. (citing Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also Harrington v. Richter, 131 S.Ct. 770, 788 (2011). Moreover, the petitioner must show a "reasonable probability" that if counsel had acted differently, his trial would have had a more favorable outcome. Tevlin, 621 F.3d at 66 (citing Porter v. McCollum, 130 S.Ct. 447 (2009)) (internal quotations marks omitted.)

We concur with the R&R that Petitioner has not met his burden of proving ineffective assistance of counsel. For starters, Petitioner misreads the *Booker* holding. Pursuant to *Booker*, "judge-made enhancements under the guidelines that result in a sentence greater than the sentence that could be imposed based solely on the facts found by the jury do amount to Sixth Amendment violations if the guidelines are treated as mandatory.." States v. Pérez-Ruiz, 421 F.3d 11, 14-15 (1st Cir. 2005); see also United States v. Yeye-Cabrera, 430 F.3d 1, 17 (1st Cir. 2005). However, "under the companion 5-4 remedial ruling in *Booker,* this problem is washed out by treating the guidelines as advisory. A defendant sentenced under the

mandatory regime may be entitled to re-sentencing under the advisory one ... but *Booker* both created and cured the constitutional error at the same time." Id.

Hence, simply because the Court resentenced Petitioner to life imprisonment, does not a *Booker* error make. As the Government pointed out in its Response, a review of the record shows that at resentencing the court did not take into account the murder cross-reference, as Petitioner avers. See Docket No. 40. What's more, when the issue came up for appeal, the First Circuit agreed that the District Court "settled the cross-reference issue in [petitioner's] favor, mooting its error regarding the scope of the remand." See Docket No. 959 of Crim. No. 00-333.

In any case, Petitioner's claims regarding the alleged errors at sentencing and resentencing were raised and ruled upon on direct appeal and are thus precluded at this stage. Ordinarily, failure to bring a constitutional issue on direct appeal will bar raising the issue on collateral attack unless the defendant can show cause for failure to bring the claim and actual prejudice. See Knight v. U.S., 37 F.3d 769, 774 (1st Cir. 1994). Rodríguez-Rodríguez has failed to make such a showing.

Moreover, contrary to Petitioner's assertions, counsel Hill-Adames did raise objections to the imposition of the term of life imprisonment during the sentencing hearing. See Docket No. 907 of Crim. No. 00-333 at page 27. In fact, she was vehement in her plea to the Court regarding the sentence. ("Your Honor, I at least want to preserve for the record the fact that we object to the sentence of life imprisonment...I have participated in many cases where this type of conduct is awarded minimum roles...I understand that life is unproportionate, it's harsh, and considering his rehabilitation and his progress, I understand the sentence to be unfair.")Id. Therefore, the ineffective assistance of counsel allegations as to the alleged *Booker* error is misguided.

**2. Failing to raise objections to the Presentence Report**

Rodríguez-Rodríguez argues that his attorney should have objected to the Presentence Report's ("PSR") "erroneous determination of his initial offense guideline level." See Docket No. 1-2 at page 8. Again, Petitioner has not met the ineffective assistance of counsel threshold because his claim of error as to the court's calculation of the base offense level misses the mark.

The record shows that counsel Hill-Adames did submit objections to the

PSR as to the inclusion of the cross-reference to murder guideline. See Docket No. 812 of Crim. No. 00-333. Likewise, at the resentencing hearing that took place on November 21, 2005, counsel once again raised the same objection. See Docket No. 907, at pages 8-12.

But even if that wasn't the case, Petitioner is barred from revisiting this issue because the matter was raised and decided on appeal. See Docket No. 959 of Crim. No. 00-333 (finding that the District Court at resentencing did not calculate sentencing guideline base offense level via the murder cross-reference). Hence, this argument is baseless.

**3. Failure to ensure that the District Court correctly determine the guideline range**

Petitioner claims that he has suffered a Sixth Amendment violation because his attorney failed to have the District Court correctly determine the minimum and maximum guideline range relevant to his case pursuant to *Blakely*. The record says otherwise.

Just as the Government points out in its Response (Docket No. 40), this allegation stems from the premise that Petitioner's guideline range was one hundred twenty one (121) to one hundred fifty one (151) months.("Applying the ruling in *Blakely* to the present case, [sic] of which has not been overruled by any of the Supreme Court's decisions, and is still applicable law, the petitioner's guideline range was 121 to 151 months in criminal history category (1), based on the jury's findings that the conspiracy involved in excess of one kilogram of heroine, five kilograms of cocaine and fifty grams of cocaine base.") See Docket No. 1-2 at page 14.  This premise, however, is wrong.

At the resentencing hearing, the Court explained the pertinent guideline range and calculations. It expressed that the amount of drugs involved in the transaction was in excess of ten kilograms(10) of cocaine which provides a base offense level of thirty eight (38). See Docket No. 907 at page 26. To that, the Court added four (4) levels for Petitioner's role in the offense, which resulted in a level forty-two (42). Id. As the Court expressed: "And under the statute, it's ten to life, and I gave him life under the statute. So either way, (guideline or not) he gets a life sentence." Id.

Lastly, on appeal, the First Circuit affirmed the sentence after finding that there was enough evidentiary support both for the drug quantity and the leadership sentence enhancement. See Docket No. 959 of

Civ. No. 09-1023(PG)                                                          Page 8

Crim. No. 00-333 at page 2. Therefore, Petitioner is precluded from raising this issue on collateral attack.

Just as with Rodríguez-Rodríguez's previous claims, there is no basis to support an ineffective assistance of counsel allegation.

**4. Ineffective assistance of counsel for failure to object to upward departure on Petitioner's sentence**

Again, Petitioner raises his allegation that trial counsel was ineffective in not objecting to the court's use of "false and unreliable information to increase his sentence." See Docket No. 1-2 at page 15. Since the Court has already addressed this matter previously, there's no need to rehash our conclusions. The murder cross-reference guideline was not applied at resentencing. Plain and simple.

Furthermore, the transcript bellies Petitioner's averments because counsel Hill-Adames vigorously objected to the Court's imposition of a term of life imprisonment at the resentencing hearing. See Docket No. 907 of Crim. No. 00-333 at page 27. For those reasons, Petitioner's claims do not hold water.

**5. Prosecutorial Misconduct**

Rodriguez-Rodriguez's next claim is that his attorney failed to object to the prosecuting attorney's repeated attempts to present murder testimony throughout the trial. See Docket No. 1-2 at page 18. As Petitioner sees it, he was deprived of a right to a fair trial by the prosecutor's misconduct because he was charged with involvement in a drug conspiracy, not with murder. Id.

Petitioner's averments are not only conclusory and devoid of any specific references to the record, but also meritless. The First Circuit has recognized that murders committed in the course of a drug conspiracy can be taken into consideration by the sentencing court when the action is proved by a preponderance of the evidence. See United States v. Newton, 326 F.3d 253, 265 (1st cir. 2003)(quoting United States v. Lombard, 72 F.3d 170, 176 (1st Cir. 1995))("A sentencing court may...consider relevant conduct of the defendant for purposes of making Guidelines determinations, even if he has not been charged with–and indeed, even if he has been *acquitted* of–that conduct, so long as the conduct can be proved by a preponderance of the evidence.")

It follows, then, that counsel Hill-Adames's performance could not be found to be ineffective as to this particular point simply because what

Petitioner complains of does not fall below the "objective standard of reasonableness" required under *Strickland.*

### B. Amended Motion to Vacate (Docket No. 47)

In his Amended Motion to Vacate, Petitioner once again raises ineffective assistance of counsel but in the context of plea negotiations. Specifically, Rodríguez-Rodríguez states that his attorney "failed to consult with me about possible plea offer o negotiation for a plea for a lesser sentence by the government." See Docket No. 47 at page 10. He asserts that the amendment responds to new intervening case law decided in 2012.[2] Thus, he posits that the Amended Motion should relate back to his original petition.

The Magistrate disagrees. In the R&R, he explains that the amendments do not relate back to the January 13, 2009 Motion because they pertain to matters that are not relevant "to the core" of the original motion. He then concludes that the new arguments are time barred. See Docket No. 58. But even if that wasn't the case, the R&R posits that Petitioner's arguments run contrary to the record since Petitioner did enter into a plea agreement, only to later withdraw it and proceed to trial. See Docket Nos. 295 and 409 of Crim No. 00-333. The R&R further states that even though Petitioner says that he would have accepted a plea agreement of ten years imprisonment at a base offense level of 26, he received an offer of thirteen years from the government and rejected it. See Docket No. 58 at page 10.

Petitioner poses several objections to the R&R. He claims that the entire R&R is "based on a false premise" because he never plead guilty in open court. See Docket No. 59. Rodríguez-Rodríguez also avers that he was never offered a 13-year plea agreement. See Docket No. 59. To that effect, he requested a copy of the transcript from the June 25, 2001 proceedings. Id. Needless to say, the record contradicts Petitioner's position.

On June 25, 2001, Petitioner entered a guilty plea. See Docket No. 295. Thereafter, he requested withdrawal of his guilty plea and chose to proceed to trial with the other co-defendants. See Docket No. 406. The trial began on October 22, 2001. See Docket No. 419. On November 30, 2001, a hearing was held to discuss the amendment to the presentence report. See

---

[2] The original § 2255 petition was filed in 2009.

Docket No. 646. During that hearing, counsel Hill-Adames acknowledged that she explained to Petitioner the consequences of going to trial and being found guilty. See Docket No. 646 at page 4. Therefore, Petitioner's claims are disingenuous.

Moreover, a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the Court. Lafler, 132 S.Ct. at 1385. That inquiry also entails a determination that, but for the ineffective assistance of counsel, "the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances." Id. Petitioner must also show that the court would have accepted the terms of the plea agreement and that "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence than in fact were imposed." Id. "A defendant who alleges ineffective assistance of counsel must carry the devoir of persuasion on both tiers of the Strickland test." Scarpa v. Dubois, 38 F.3d 1, 8-9 (1st Cir. 1994).

Petitioner has not made any such showing. Accordingly, he has failed to establish a Sixth Amendment violation.

**C. Motion to Correct Illegal Sentence (Dkt. 57)**

On July 17, 2013, Petitioner filed his Motion to Correct relying on a recent decision from the Supreme Court of the United States. The holding of Alleyne v. United States, 570 U.S. ____, 133 S.Ct. 2151 (2013) can be resumed as follows: "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Alleyne, 570 U.S. at ___, 133 S.Ct. at 2155. Petitioner avers that because the Court relied on facts that were not submitted to the jury to impose a term of life imprisonment at resentencing, his case should be remanded in light of *Alleyne*. See Docket No. 57 at page 5.

Petitioner's Motion to Correct is, in essence, a second or successive § 2255 petition. In order to obtain authorization to file a second or successive § 2255(h)(2) motion, a petitioner must show that, in relevant part, his motion relies upon a new rule of constitutional law, made retroactive to cases on collateral review. See 28 U.S.C.A. § 2255(h)(2); see also Butterworth v. U.S., 775 F.3d 459, 464 (1st Cir. 2015).

According to the R&R, the Court should deny Petitioner's request for relief because the *Alleyne* rule does not apply retroactively to cases on collateral review. See Docket No. 58 at page 24. In light of recent First Circuit jurisprudence, the Magistrate's assessment is correct. See Butterworth, 775 F.3d at 461 (holding that *Alleyne* does not apply retroactively to sentences challenged on an initial petition for collateral review.)[3]

Next, Petitioner contends that his case present the rare instance in which a defendant is tried under a mandatory guideline system but sentenced under the advisory guidelines. According to Rodríguez-Rodríguez, this constitutes an ex post facto violation that is a by-product of the *Booker* holding. Rodríguez-Rodríguez's proposition is not novel. In fact, the First Circuit has already examined and ruled on the issue.

In U.S. v. Lata, 415 F.3d 107 (1st Cir. 2005), the Court held that the change from the mandatory Sentencing Guidelines to the advisory Guidelines system pursuant to *Booker* did not implicate the ex post facto clause. The Court reasoned that the change in guideline regime was "worked entirely by judicial interpretation" (as opposed to legislative creation)and because the ex post fact clause "does not apply of its own force to changes worked by judicial decisions" it could not be said to be operating in this situation. U.S. v. Lata, 415 F.3d at 110. Furthermore, it stated, "[b]ased on this equation of guideline changes with statutes, the circuits have normally approved use of the guideline edition in force at the time of the crime if later amendments increased the sentences." Id. Hence, Petitioner's argument is unavailing.

### IV. Conclusion

Upon *de novo* review, we find no fault with the Magistrate Judge's assessment and thus **APPROVE** and **ADOPT** his Report and Recommendation as our own. Consequently, Petitioner's motions (Docket Nos. 1, 47 and 57) are **DENIED** and the above captioned action will be **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

---

[3] Petitioner also relies heavily on Apprendi v. New Jersey, 530 U.S. 466 (a pre-Alleyne case) to support his claim but the First Circuit has already ruled on the non-retroactivy of the *Apprendi* rule. See Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir. 2003).

**SO ORDERED.**

In San Juan, Puerto Rico, May 11, 2015.

                                        S/ <u>JUAN M. PÉREZ-GIMÉNEZ</u>
                                        JUAN M. PÉREZ-GIMÉNEZ
                                        UNITED STATES DISTRICT JUDGE